## Commonwealth v. Crawford

*Jack C. Younkin,* for Commonwealth.
*John A. Mihaljk,* for defendant.

MYERS, *P.J.,* June 11, 1976 — Defendant was convicted by a district justice of violating section 7 of the Sewage Facilities Act of January 24, 1966, P.L. 1535, 35 P.S. §750.7(a) and 35 P.S. §750.7(b)(3). Defendant timely filed an appeal, and a de novo hearing was held by this court on April 13, 1976.

At the hearing, Commonwealth proved that defendant had installed a septic system on the property of James Reed. Commonwealth also proved that no permit for the installation of the system had been issued. Further, Commonwealth proved that defendant covered up the septic system without having first obtained the approval of a sewage enforcement officer.

Defendant argues that he should nonetheless be found not guitly, because when he installed the septic system, (1) he was acting either as the agent

of, or the independent contractor for, the property owner; and (2) he was unaware that no permit had been issued.

We believe that defendant's arguments are without merit.

According to sections 7(a) and 7(b)(3) of the Sewage Facilities Act, strict liability is imposed upon any "person" who installs or covers up a septic system without first obtaining the specified approval of the Department of Environmental Resources. Defendant maintains, however, that he is not a "person" within the meaning of that act.

However, section 2 of the act defines "person" as "any individual, association, public or private corporation for profit or not for profit, partnership, firm, trust, estate. . ." We believe that the very broad language of section 2 embraces a subcontractor who is acting either as the agent of, or as the independent contractor for a property owner.

Defendant suggests that section 2 of the act should be construed so as to apply only to property owners. But in our view, section 2 is not susceptible to such narrow construction.

Moreover, strong policy reasons suggest that someone like defendant, who is in the business of installing septic systems, should be aware of, and able to comply with, the requirements of the Sewage Facilities Act.

On the other hand, a property owner who is building a house may understandably be confused by the aforesaid act's technical requirements.

As for the defendant's second argument — i.e., that he was unaware that a permit had not been obtained — it is clear that strict liability is imposed by the Sewage Facilities Act. Strict liability can constitutionally be imposed by the legislature if

the purpose is to promote public health and welfare: Commonwealth v. Brady, 200 Pa. Superior Ct. 157, 286 A.2d 654 (1971).

In the instant case, the Sewage Facilities Act was obviously designed to effectuate the public good. Therefore, the existence or absence of mens rea (i.e. intent) is irrelevant.

Accordingly, we enter the following

### ORDER

And now, June 11, 1976, after hearing held, we adjudge the defendant guilty of violating the Pennsylvania Sewage Facilities Act. The sentence of the court is that the defendant shall pay the costs of prosecution and a fine of $100 for the Commonwealth of Pennsylvania within 90 days from the date hereof.